**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2328
_____

UNITED STATES OF AMERICA

v.

MAURICE FREZZELL,
                                          Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:17-00208-001)
District Judge: Honorable Arthur J. Schwab

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on November 26, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed:  December 12, 2024)

_____

―――――――――

OPINION[*]

―――――――――

PER CURIAM

Maurice Frezzell, a federal prisoner proceeding pro se, appeals from the District Court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1). The Government moves for summary affirmance. Because we conclude the appeal presents no substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2017, Frezzell was convicted of one count of distribution and possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841. The District Court found Frezzell had an offense level of 34 and a criminal history category of VI, as well as having a career offender status. The District Court imposed a 327-month sentence, to be followed by six years of supervised release. Frezzell's conviction and sentence were upheld on appeal. *United States v. Frezzell*, 793 F. App'x 133, 137 (3d Cir. 2019). Thereafter, Frezzell filed a motion to vacate pursuant to 28 U.S. § 2255, which was denied by the District Court. On appeal this Court denied Frezzell's request for a certificate of appealability. Frezzell then filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1), which the District Court denied.

―――――――――――――――――――

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

After the November 2023 amendments to the Sentencing Guidelines, Frezzell filed his second motion for compassionate release. Frezzell's motion relied on U.S.S.G. § 1B1.13(b)(5) and alleged that his circumstances, when considered together, were "similar in gravity" to the circumstances enumerated in §§ 1B1.13(b)(1)–(4). The District Court concluded that he failed to meet § 1B1.13(b)(5)'s "difficult burden" of being "similar in gravity" to those enumerated circumstances. ECF 219 at 10. The District Court also incorporated its prior consideration of the 18 U.S.C. § 3553(a) factors, finding again that none of the factors compelled it to release Frezzell.[1] Frezzell timely appealed. The government now moves for summary affirmance.[2]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb the decision unless the District Court committed a clear error of judgment. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm when an appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

A district court may modify a federal inmate's term of imprisonment if it finds that extraordinary and compelling reasons warrant a modification. *See* § 3582(c)(1). Even if an inmate is eligible for a sentence modification under § 3582(c)(1), a district court may deny

---

[1]  Although in its earlier denial, the District Court found it lacked authority to rule on Frezzell's motion, it nonetheless considered the merits and concluded that a reduction in sentence would not be supported by the § 3553(a) factors.

[2]  After responding to the government's motion, Frezzell filed a motion to stay the matter pending our ruling in *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024). The government filed a response in opposition to Frezzell's motion to stay the appeal. Because we have now decided *Rutherford*, we deny Frezzell's motion to stay as moot.

3

that modification upon determining that it would be inconsistent with the factors set forth in § 3553(a). *See Pawlowski*, 967 F.3d at 330–31 (denying motion for sentence modification considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes).

Here, even assuming Frezzell could show his combined circumstances satisfied § 1B1.13(b)(5) and were thus extraordinary and compelling reasons warranting a reduction under § 3582(c)(1), we discern no abuse of discretion in the District Court's ultimate determination that the § 3553(a) factors did not support a reduction in his sentence. As in its order denying Frezzell's prior motion, the District Court properly considered the seriousness of his offense, which occurred while he was serving a term of supervised release, and that a substantial portion of Frezzell's sentence remains. The District Court also appropriately considered Frezzell's "criminal history, including his recidivism," as well as "the nature and circumstances of the offense; the need to instill a respect for the law; and the need for deterrence." ECF 210 at 11.

Accordingly, we grant the Government's motion for summary action and will affirm the judgment of the District Court.